*Decision will be entered under Rule 50.*

R. M. GRANT, D. B. A. R. M. GRANT TOOL SUPPLY CO., PETITIONER, *v.* WAR CONTRACTS PRICE ADJUSTMENT BOARD, RESPONDENT.

Docket No. 136 R.   Promulgated April 20, 1945.

*F. G. Awalt, Esq.*, and *Henry L. Shepherd, Esq.*, for the petitioner.
*William V. Crosswhite, Esq.*, for the respondent.

##### OPINION.

MURDOCK, *Judge*: A representative of the Under Secretary of the Navy made a determination that the profits of this petitioner for the calendar year 1942 under contracts subject to renegotiation were ex-

cessive in a certain amount. The petitioner instituted this proceeding for the purpose of contesting that determination. The respondent has moved to dismiss for lack of jurisdiction on the ground that the War Contracts Price Adjustment Board, which the petitioner has named as respondent in the petition, had no authority to determine excessive profits for the calendar year 1942 and in fact did not make any determination in respect thereto. The petitioner has moved to amend by naming the proper party respondent.

The authority of the War Contracts Price Adjustment Board to renegotiate contracts and eliminate excessive profits is restricted to taxable years beginning after June 30, 1943.[1] That Board did not make the determination here in question. The Secretary of the Navy and others designated by him had authority to renegotiate contracts and eliminate excessive profits for the calendar year 1942 under certain circumstances.[1] The determination herein was made by a person designated under authority of the Secretary of the Navy. His authority to act is not questioned. The only question is whether the naming of the War Contracts Price Adjustment Board as respondent instead of the Under Secretary of the Navy is fatal to the jurisdiction of this Court over the proceeding.

The law provides that a contractor, aggrieved by a determination of a Secretary or of the War Contracts Price Adjustment Board as to the existence of excessive profits, may file a petition with the Tax Court for a redetermination thereof. There is no provision in the law in regard to who shall be named as respondent in that proceeding. The Court has provided in Rule 64 that the War Contracts Price Adjustment Board shall be shown as respondent in proceedings where the determination has been made by that Board, while in other proceedings where the determination was made by or under authority of a Secretary, that particular Secretary shall be named as the respondent. The purpose of that rule was to bring about clarity and orderly procedure. It is not jurisdictional. While a proceeding can not be maintained against the wrong party respondent, and while the naming of an improper party may be ground for dismissal, nevertheless, where an obvious error has been made in naming the wrong party respondent, and the petition is otherwise sufficient to invoke the jurisdiction of the Court, the petitioner may be permitted to correct the error and name the proper party. Cf. *Bankers Realty Syndicate*, 20 B. T. A. 612. The correction of this error is not the commencement of a new proceeding; therefore, cases which hold that a new party defendant can not be substituted in other types of proceedings after the statute of limitations has run are not in point.

---

[1] Sec. 403, Sixth Supplemental National Defense Appropriation Act, 1942, as amended by sec. 801, Revenue Act 1942, and sec. 701, Revenue Act 1943.

An order will be entered denying the respondent's motion to dismiss and directing that the caption of the proceeding be amended by substituting as respondent the Secretary of the Navy in the place of the War Contracts Price Adjustment Board.